SMALL *vs.* THE STATE OF GEORGIA.   JOHNSON *vs.* THE STATE OF GEORGIA.

Where, at a special term of the superior court, a defendant was convicted of voluntary manslaughter and the judgment was arrested on motion of the defendant, and after the adjournment of said special term the solicitor-general made a motion to annul the arrest of the judgment, in vacation, returnable to the next regular term of the court, and at said regular term the order arresting said judgment was annulled, different judges presiding at the special and the regular term:

*Held,* that the court, at the regular term, had no legal authority to

review and reverse the decision at the special term, and to annul the order arresting the judgment.

Criminal law.    Motion in arrest of judgment.    Practice in the Superior Court.    Before Judge TOMPKINS.    Chatham Superior Court.    May Term, 1878.

Reported in the opinion.

R. E. LESTER ; J. J. ABRAMS ;  R. D. WALKER, for plaintiff in error, cited Code, §§3588, 3594; 35 *Ga.*, 174 ; 50 *Ib.*, 271 ; Chit. Bl., Bk., 3, p. 305 ;  Code, §§3499, 206, 247 ; const. 1877, art. vi., sec. 4 ; 45 *Ga.*, 120 ;  Arch. Cr. Pl. & Pr., §672 ; Bish. on Cr. L., §§673–'4 ; 2 Chit. Bl., 301 ; 1 Chit. Cr. L., p. 663 ; *Hafers vs. City Council of Augusta*, (this term) ; 7 *Ga.*, 426 ; 21 Ala., 38 ; 30 *Ga.*, 485 ; 20 Ark., 109 ; 30 N. J., 356 ; 3 Ohio St., 429 ; 16 La. An., 384; 14 Cal., 91 ; 15 Ark., 232 ; 2 Head (Tenn.), 598.

A. B. SMITH, solicitor-general, for the state, cited Code, §§3245, 242, 243 ; const. 1877, art. vi., sec. 3, par. 1 ; 44 *Ga.*, 25 ; 39 *Ib.*, 718.

JACKSON, Justice.

In the case of *The State vs. Small*, at a special term of the superior court to try criminal cases, convened by Judge Tompkins under section 3245 of the Code, Judge Johnson presiding, held that he had no authority under said section to preside, and having tried the defendant for murder, and the jury having found him guilty of voluntary manslaughter, on motion of defendant he granted an order arresting the judgment, and adjourning the special term.    Whereupon on his return to Savannah, Judge Tompkins, in vacation, passed an order requiring the defendant to show cause on the first day of the next regular term why said order to arrest the judgment should not be annulled, and at that term the order to arrest the judgment was annulled, and the defendant sentenced.    He excepted.

The order to arrest the judgment could not be brought to this court for review and reversal. See *The State vs. Johnson and Small*, decided at this term and not yet reported, and cases there cited. If a writ of error to that judgment did not lie to this court for review, *a fortiori* it could not lie to the superior court of Chatham county at the next regular term thereof, especially when the order to show cause was taken in vacation.   It is wholly immaterial whether Judge Johnson's decision was right or wrong; it was for the prisoner, and the judge who tried him had arrested the judgment.   It would never do that another judge at the next term of a court in a criminal case, should be allowed to annul the judgment of the judge who had tried the prisoner, and then to sentence him without trial before him.   When the decision was rendered for the defendant and the court was adjourned for the term, that trial with all its incidents and sequences was over, and could not again be used as the foundation for his sentence ; otherwise he would be deprived of his legal right to move for a new trial and test that motion before the court which tried him below, and before this court ; and if the motion in arrest of the judgment had been denied *him*, *he* would have had the right to have this court review that denial.   It would really be a new trial of the law of the case after the defendant had been discharged from the operation of the verdict, against his will, and the reviving, bringing again to life, a dead verdict, killed by competent legal authority, and upon that verdict punishing the defendant.

The effect would be to enable the superior court at the term succeeding that at which it had passed upon motions for new trials and in arrest of judgment, and decided in favor of the defendants, to review again and annul all such decisions.   With every new judge we might have a new judgment, and as often as there were terms of the court and the judge holding those terms was a different man, so often would the adjudication of the case and the fate of defendants change.   The court is the same, no matter

what judge presides, and the decision of one concludes the case against all, if a criminal case and if for the defendant.

The second case (*Johnson vs. The State*) turns upon the question decided in *Small vs. The State*, and is ruled according to the decision in that case. The only difference is that in Small's case there was no motion for a new trial, while in this case there was a motion for a new trial, which was abandoned when the court arrested the judgment and set aside the verdict.

Judgment reversed in both cases.